## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Minnesota Cement Masons and Plasterers Fringe Benefit Funds,<br><br>    Plaintiffs,<br><br>vs.<br><br>D.T. Peckham, Inc., a foreign corporation not qualified to do business in the State of Minnesota; and Terry Whitaker,<br><br>    Defendants. | Civil File No. 06-896 JRT/FLN<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

Stephen C. Kelly and Andrew E. Staab, ROSENE, HAUGRUD & STAAB, 400 South Robert Street North, St. Paul, MN 55101 for plaintiffs.

This matter came on for hearing before the Court on June 28, 2006, on Plaintiffs' motion for entry of Co-Defendant D.T. Peckham, Inc.'s default, for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Co-Defendant D.T. Peckham, Inc. was served with the Summons and Complaint in the present action on April 19, 2006.

2. That Co-Defendant D.T. Peckham, Inc. has failed to Answer, or otherwise defend, and is in default.

3. Co-Defendant D.T. Peckham, Inc. is signatory to the Independent Addendum to the Metro Builders 9A Agreement ("the Independent Addendum"), which binds Co-Defendant D.T.

        Peckham, Inc. to the Metro Area Agreement between Minneapolis and St. Paul Builders Division of Associated General Contractors of Minnesota and Cement Masons, Plasterers, and Shophands Local No. 633 of Minnesota, North Dakota, and NW Wisconsin ("the Collective Bargaining Agreement").

4. Pursuant to the above-referenced Collective Bargaining Agreement, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

5. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

6. That Plaintiffs face irreparable harm from Co-Defendant D.T. Peckham, Inc. delinquency because they have a continuing obligation to provide benefits regardless of whether Co-Defendant D.T. Peckham, Inc. submits the fringe benefit contribution payments.

7. That Plaintiffs' continuing harm outweighs any prejudice to Co-Defendant D.T. Peckham, Inc. resulting from the issuance of an Injunction.

8. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

9. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Collective Bargaining Agreement, and ERISA.

Based on its review, the Court reaches the following:

### CONCLUSIONS OF LAW

1. That Plaintiffs' motion for entry of Co-Defendant D.T. Peckham, Inc. default and for default

judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Co-Defendant D.T. Peckham, Inc. will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Co-Defendant D.T. Peckham, Inc. is in default, and Plaintiffs are entitled to judgment against Co-Defendant D.T. Peckham, Inc. for delinquent fringe benefit contribution payments, liquidated damages, audit fees, attorney fees, and costs.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Co-Defendant D.T. Peckham, Inc.'s books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Co-Defendant D.T. Peckham, Inc. in the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 31, 2006
at Minneapolis, Minnesota

s/John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge